IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 20-00054 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LESLIE NAKI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 82)**

Defendant is currently incarcerated at Federal Prison Camp Yankton in South Dakota with a projected release date of December 21, 2029.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic and to take care of his mother.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 82) is **DENIED**.

### STANDARD OF REVIEW

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified

1

by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)   extraordinary and compelling reasons warrant such a reduction;
>
> ...
>
>         and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

**SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT**

A.   **Mandatory Procedural Requirement**

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

B.   **Merits Of Defendant's Request For Compassionate Release**

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons."

The Court has the discretion to determine whether extraordinary and compelling reasons exist and is not bound by the definition of "extraordinary and compelling reasons" set forth in the United States Sentencing Guidelines § 1.B.13. United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

**PROCEDURAL HISTORY**

On July 8, 2020, the grand jury returned an Indictment, charging Defendant Naki with two counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (ECF No. 24).

On July 22, 2020, the Government filed a Special Information to Establish Prior Conviction pursuant to 21 U.S.C. § 851.  (ECF No. 30).

On October 23, 2020, Defendant pled guilty, pursuant to a plea agreement, to Count 1 of the Indictment for Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (ECF No. 36).

On November 23, 2020, Defendant Naki, although represented by counsel, filed a Pro Se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 and 2243.  (ECF No. 41).

On December 2, 2020, the Court dismissed Defendant's November 23, 2020 Pro Se Petition because he was represented by counsel and was not permitted to file documents pro se.  (ECF No. 41).

Defendant's Presentence Investigation Report calculated Defendant's total offense level as 29 with a Criminal History Category of III, resulting in a guideline range of 180 months due to the statutorily required 15-year mandatory minimum sentence. (PSR at ¶¶ 38, 50, 105, ECF No. 49).

On March 26, 2021, the Government filed a Motion for

Downward Departure.  (ECF No. 50).

On April 14, 2021, Defendant's sentencing hearing was held. (ECF No. 52).

Defendant was sentenced to a term of imprisonment of 144 months followed by ten years of supervised release as to Count 1 in the Indictment.  (ECF No. 55).  The Court was permitted to sentence Defendant below the statutory mandatory minimum sentence due to its granting the Government's Motion for Downward Departure.  (ECF No. 52).  Count 2 of the Indictment was dismissed.  (Id.)

On April 20, 2021, Defendant filed a Notice of Appeal.  (ECF No. 62).

On August 26, 2021, Defendant voluntarily withdrew his appeal.  (ECF No. 74).

On September 20, 2021, Defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody pursuant to 28 U.S.C. § 2255.  (ECF No. 75).

On December 29, 2021, the Court issued an ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255.  (ECF No. 81).

On March 8, 2022, Defendant, again proceeding pro se, filed a MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)(COMPASSIONATE RELEASE).  (ECF No. 82). Defendant also filed a Motion for Appointment of Counsel.  (Id.)

The Court referred Defendant's Motion for Appointment of

Counsel to the Federal Public Defender's Office for review, but it declined to represent the Defendant.  (ECF Nos. 84-86).

On March 22, 2022, the Court denied Defendant's request for appointment of counsel in seeking compassionate release.  (ECF No. 87).

On April 7, 2022, the Government filed its Opposition to Defendant's Motion for Compassionate Release.  (ECF No. 90).

On April 26, 2022, Defendant filed his Reply.  (ECF No. 93).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Naki is 59 years old.  Defendant is currently incarcerated at Federal Prison Camp Yankton in South Dakota.

Pursuant to the Ninth Circuit Court of Appeals' decision in United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021), District Courts are compelled to exercise their discretion to decide what constitutes an extraordinary and compelling reason to warrant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  United States v. Hinkle, 2021 WL 3617190, *3 (W.D. Wash. Aug. 16, 2021).

Defendant bears the burden to demonstrate an extraordinary and compelling reason that warrants immediate release from incarceration.  United States v. Crisp, 2021 WL 3663534, *4 (E.D. Cal. Aug. 18, 2021); United States v. Greenhut, 2020 WL 509385,

6

*1 (C.D. Cal. Jan. 31, 2020).

    Defendant Naki seeks release for two reasons:

    (1)  Due to his concerns related to COVID-19; and,

    (2)  due to medical issues of his mother.

    A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Sanchez, Crim. No. 13-00513 JMS-02, 2021 WL 3409186, *2 (D. Haw. Aug. 4, 2021); United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. 2020).

    The Centers for Disease Control and Prevention ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

**I.   Compassionate Release Based On Defendant's Own Health**

    Defendant Naki states that he has diabetes, is overweight, has hypertension, and has contracted COVID twice.  (Motion at pp. 1, 5, ECF No. 82).

    Defendant asserts that his "last bout with COVID in January

of 2022 was almost fatal." (Id. at p. 5). Defendant's claim is belied by the record. Defendant's medical records state that while he tested positive for COVID-19 on January 19, 2022, he was Asymptomatic and had "No or minimal Covid symptoms." (Medical Records attached to Defendant's Motion at pp. 8, 10, ECF No. 82-3).

The Government submitted additional medical records from the Bureau of Prisons, which demonstrate that Defendant has received and continues to receive appropriate medical care by the BOP. (Def.'s Medical Records attached to Gov't Opp., ECF No. 90-1). Defendant has received treatment for his diabetes, hypertension, and obesity, and he has been fully vaccinated against COVID-19. (Id. at pp. 1, 6, 9).

Defendant does not have any medical issues that would support a finding of extraordinary and compelling reasons to warrant immediate release. The risk of Defendant contracting COVID-19 again is low. Defendant has contracted COVID-19 twice and, despite Defendant's complaints to the contrary, his medical records demonstrate that he has fully recovered from the disease.

Defendant's risk of symptomatic re-infection is greatly diminished and counsels against a finding of extraordinary and compelling reasons to grant compassionate release. Many courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health

conditions.  United States v. Tammy Sue Hayes, 2021 WL 2533517, *3 (D. Idaho June 21, 2021).

Defendant's risk of contracting COVID-19 for a third time and suffering serious health issues is minimal given Defendant's prior asymptomatic infection with COVID-19, and his vaccination against COVID-19.  Defendant has not demonstrated extraordinary and compelling reasons for immediate release based on his concerns about contracting COVID-19.  Sanchez, 2021 WL 3409186, at *5.

**II.   COMPASSIONATE RELEASE TO CARE FOR DEFENDANT'S MOTHER**

Pursuant to Sentencing Guideline Section 1B1.13's Commentary Application Notes C, family circumstances may provide a basis to establish "extraordinary and compelling reasons" for compassionate release.  This definition is not binding, but may provide guidance for the Court's analysis of "extraordinary and compelling reasons."  Aruda, 993 F.3d at 801-02.

Defendant's Motion states that he seeks compassionate release because his mother has cancer and has no one else to take care of her.  (Motion at p. 2, ECF No. 82).  Defendant attached a letter dated February 15, 2022, from his mother's physician, stating that she has advanced thymic cancer and "her expected survival will be measured in weeks-to-months."  (Mother's Letter, attached as Ex. 1 to Def.'s Motion, ECF No. 82-1).

There are no medical records submitted in support of

Defendant's claim that he is needed to provide care for his mother and that no one else may provide assistance to Defendant's mother. The availability of other caregivers is critical to the analysis. United States v. Cyre, 2021 WL 1394125, *4 (W.D. Wash. April 13, 2021).

To the contrary, Defendant's Reply states that his mother currently resides and receives care at Pohalani Senior Independent Living Facility and that Defendant's siblings provide assistance to Defendant's mother. (Reply at p. 12, ECF No. 93).

Defendant has failed to demonstrate extraordinary circumstances for his immediate release based on the health issues of his mother.

### III. Section 3553(a) Factors And Defendant's History and Characteristics

#### A. History and Characteristics

In order to be eligible for compassionate release, Defendant must establish that his release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

Defendant has a long criminal history that involves violence. In April 1992, Defendant was convicted of numerous felonies including Kidnaping, Burglary in the First Degree,

Robbery in the First and Second Degrees, and Unauthorized Control of a Propelled Vehicle.  (Presentence Report at ¶ 45, ECF No. 49).  On July 4, 1990, Defendant and two co-conspirators entered the victim's home, punched the victim resulting in visible injuries, stole the victim's money, bound and blindfolded the victim, and forced the victim's female friend to leave with them.  (Id.)  Two days later, on July 6, 1990, Defendant and two co-conspirators, one of whom was armed, robbed two other victims of cash, jewelry, and a car, and assaulted one of the victims resulting in injuries to his face, arm, leg, neck, and back.  (Id.)

On April 21, 1992, Defendant was convicted and sentenced to 20 years imprisonment for his crimes.  (Id.)

While Defendant was an inmate in the custody of the State of Hawaii, Defendant committed a federal drug trafficking crime.  (Id. at ¶ 46).  On November 3, 1997, Defendant was sentenced to 122 months imprisonment for Conspiracy to Possess Methamphetamine With Intent To Distribute in United States v. Leslie Naki, Cr. 95-001108 ACK-02. (Id.)

In addition to the federal drug trafficking crime, Defendant committed multiple instances of misconduct while incarcerated, including violations of furlough, unauthorized contact with the public, possession of unauthorized items, and assault of another inmate.  (Id. at ¶ 45).

Following his release, in 2006 and 2007, Defendant was twice

11

convicted of Operating a Vehicle Under the Influence of an Intoxicant. (Id. at ¶¶ 47-48). The Presentence Report reflects that Defendant became aggressive with officers during the arrests. (Id.)

In 2012, Defendant was convicted again of Unauthorized Control of a Propelled Vehicle, and he performed poorly on supervision, had his probation revoked, and absconded from supervision. (Id. at ¶ 49).

For the instant offense in April 2019, Defendant engaged in a second federal drug trafficking crime for which he pled guilty. (Id. at ¶¶ 14-18, ¶ 106). Defendant was subject to a statutory mandatory minimum sentence of 180 months imprisonment. (Id. at ¶ 104). The Government filed a Motion for Downward Departure, which permitted the Court to sentence Defendant below the mandatory minimum, and it sentenced Defendant to 144 months imprisonment. (ECF No. 55).

**B.   The Section 3553(a) Factors Do Not Support Defendant's Immediate Release**

Defendant's 144-month sentence, which was below the statutory mandatory minimum sentence, remains appropriate considering the Section 3553(a) factors.

Defendant's immediate release would not adequately reflect the seriousness of the second federal drug trafficking offense, would not properly deter similar criminal conduct, and would not protect the public. Defendant has a long criminal history since

1990 that involves drug trafficking, kidnaping, and robbery. Defendant has engaged in violence in committing numerous crimes and has also engaged in assault and violence while incarcerated. Defendant has been convicted multiple times for Operating a Vehicle Under the Influence of an Intoxicant, and he has been hostile and aggressive towards law enforcement.

Defendant has performed poorly while on supervision, had his probation revoked, and absconded from his probation officer. Defendant has committed crimes while incarcerated and remains a threat to the public. Defendant has not demonstrated that a reduction in sentence is appropriate. The factors in Section 3553(a) do not support the immediate release of the Defendant.

Defendant Naki has not demonstrated extraordinary and compelling reasons for compassionate release. Defendant has not established that his immediate release is warranted pursuant to the Section 3553(a) factors.

## CONCLUSION

Defendant's Motion To Reduce Sentence Under The First Step Act (ECF No. 82) is **DENIED.**

IT IS SO ORDERED.

Dated: May 16, 2022, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United States v. Leslie Naki, Crim. No. 20-00054 HG-01; **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 82)**