```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,     )   CR. NO. 20-00054 HG-01
                              )
           Plaintiff,         )
                              )
     vs.                      )
                              )
LESLIE NAKI,                  )
                              )
           Defendant.         )
                              )
_____)
```

**ORDER DENYING DEFENDANT'S SECOND MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 113)**

This is Defendant's Second Pro Se Motion seeking to reduce his 144-month term of imprisonment following his plea of guilty to Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), claiming extraordinary and compelling reasons for his release under United States Sentencing Guideline § 1B1.13(b)(6) for a purported "unusually long sentence."

For the second time, Defendant has not presented any extraordinary or compelling reason that would support a reduction in his sentence.

In addition, the sentencing factors set forth in 18 U.S.C. § 3553(a) do not support a sentence reduction.

Defendant's SECOND MOTION FOR COMPASSIONATE RELEASE (ECF No. 113) is **DENIED.**

**PROCEDURAL HISTORY**

On July 8, 2020, the grand jury returned an Indictment, charging Defendant Naki with two counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (ECF No. 24).

On July 22, 2020, the Government filed a Special Information to Establish Prior Conviction pursuant to 21 U.S.C. § 851.  (ECF No. 30).

On October 23, 2020, Defendant pled guilty, pursuant to a plea agreement, to Count 1 of the Indictment for Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (ECF No. 36).

On November 23, 2020, Defendant Naki, although represented by counsel, filed a Pro Se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 and 2243.  (ECF No. 41).

On December 2, 2020, the Court dismissed Defendant's November 23, 2020 Pro Se Petition because he was represented by counsel and was not permitted to file documents pro se.  (ECF No. 41).

Defendant's Presentence Investigation Report calculated Defendant's total offense level as 29 with a Criminal History Category of III, resulting in a guideline range of 180 months due to the statutorily required 15-year mandatory minimum sentence. (PSR at ¶¶ 38, 50, 105, ECF No. 49).

On March 26, 2021, the Government filed a Motion for Downward Departure.  (ECF No. 50).

On April 14, 2021, Defendant's sentencing hearing was held.  (ECF No. 52).

Defendant was sentenced to a term of imprisonment of 144 months followed by ten years of supervised release as to Count 1 in the Indictment.  (ECF No. 55).  The Court was permitted to sentence Defendant below the statutory mandatory minimum sentence by granting the Government's Motion.  (ECF No. 52).  Count 2 of the Indictment was dismissed.  (Id.)

On April 20, 2021, Defendant filed a Notice of Appeal.  (ECF No. 62).

On August 26, 2021, Defendant voluntarily withdrew his appeal.  (ECF No. 74).

On September 20, 2021, Defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody pursuant to 28 U.S.C. § 2255.  (ECF No. 75).

On December 29, 2021, the Court issued an Order Denying Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 81).

On March 8, 2022, Defendant, again proceeding pro se, filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release).  (ECF No. 82).

On May 16, 2022, the Court issued an Order denying Defendant's Motion to Reduce Sentence Under the First Step Act

(compassionate release).  (ECF No. 94).

On May 31, 2022, Defendant filed a Notice of Appeal.  (ECF No. 96).

On November 22, 2022, the Ninth Circuit Court of Appeals issued a Memorandum affirming the District Court's Order Denying Defendant's Motion for Compassionate Release.  (ECF No. 106).

On February 7 and 10, 2023, Defendant, proceeding pro se, filed documents entitled Motion to Compel and to Show Cause.  (ECF Nos. 108 and 109).

On February 16, 2023, the Court issued a Minute Order denying Defendant's Motions.  (ECF No. 110).

On February 28, 2023, Defendant, again proceeding pro se, filed another pleading entitled "Motion to Compel and to Show Cause."  (ECF No. 111).

On March 2, 2023, the Court issued a Minute Order denying Defendant's Motion.  (ECF No. 112).

On June 10, 2024, Defendant, proceeding pro se, filed a SECOND MOTION FOR COMPASSIONATE RELEASE.  (ECF No. 113).

On June 12, 2024, the Court referred the Motion to the Federal Public Defender's Office to see if it would represent the Defendant in seeking a reduction in sentence.  (ECF No. 114).

On June 14, 2024, the Federal Public Defender's Office declined to represent the Defendant.  (ECF No. 115).

On June 17, 2024, the Court issued a briefing schedule.  (ECF No. 116).

On July 10, 2024, the Government filed its Opposition to Defendant's Second Motion for Compassionate Release. (ECF No. 117).

On July 29, 2024, Defendant filed his Reply. (ECF No. 118).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request that the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

5

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
>
> ...
>
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

**SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT**

    **A.    Mandatory Procedural Requirement**

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A); United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021).

The Parties dispute whether Defendant Naki has exhausted his administrative remedies.

Defendant Naki states that he "sent a request through our tru-links in this facility at Yankton camp South Dakota to the proper administration concerning my remedies." (Reply at p. 1, ECF No. 118).

For purposes of the Motion, the Court will assume, without

6

deciding, that Defendant Naki exhausted his administrative remedies.

### B. Basis For Defendant's Motion For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons."

The Ninth Circuit Court of Appeals has explained that reduction in a sentence based on extraordinary and compelling reasons pursuant to Section 3582(c)(1)(A) is a "narrow" remedy and the decision to grant such relief is discretionary with the District Court, and relief is not mandatory. United States v. Wright, 46 F.4th 938, 944-45 (9th Cir. 2022).

#### 1. Extraordinary And Compelling Reasons As Set Forth In The United States Sentencing Guidelines

Section 3582(c)(1)(A) itself does not define extraordinary and compelling reasons. Congress stated that the Sentencing Commission shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021).

Following the passage of the First Step Act, in 2023, the United States Sentencing Commission amended its Policy Statement

7

governing motions for compassionate release in Section 1B1.13(a).

Since the amendments, Aruda is no longer good law to the extent that it held that the policy statements of the United States Sentencing Commission are not binding on motions for compassionate release. United States v. Kaneko, Cr. No. 19-00062 JMS-01, 2024 WL 1018362, *2 (D. Haw. Mar. 8, 2024); United States v. Arcila,   F.Supp.3d  , 2024 WL 578688, *2 (D. Or. Feb. 12, 2024); United States v. Ciarlo, 2024 WL 2782506, *3 (W.D. Wash. May 30, 2024).  A defendant must show extraordinary and compelling reasons to reduce the sentence consistent with the current version of U.S.S.G. § 1B1.13.  Kaneko, 2024 WL 1018362, at *2.

Section 1B1.13 sets forth several specific extraordinary and compelling reasons which may form—individually or in combination—the basis to reduce a sentence:

    (1)  certain medical circumstances of the defendant;

    (2)  age of the defendant coupled with health issues;

    (3)  certain family circumstances of the defendant;

    (4)  whether the defendant was a victim of sexual or physical abuse while in custody;

    (5)  other circumstances (or a combination of circumstances) "similar in gravity" to (1)–(4); and

    (6)  defendant received an unusually long sentence.

U.S.S.G. § 1B1.13.

Specifically at issue with Defendant's Motion, Section 1B1.13(b)(6) states that extraordinary and compelling reasons can

8

exist based on "unusually long sentences" which are defined as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The United States Sentencing Commission in amending Section 1B1.13 also limited the Court's ability to consider changes in law in evaluating a Motion for Compassionate Release. United States v. Smith, 2024 WL 1374722, *3 (D. Mont. Apr. 1, 2024). In 1B1.13(c), the Commission explains as follows:

> LIMITATION ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c).

### 2. Evaluation Of 3553(a) Factors Not Required If Extraordinary And Compelling Reasons Not Established

The Ninth Circuit Court of Appeals has explained that the

9

District Court may consider both "extraordinary and compelling" reasons and the relevant § 3553(a) factors, but that it may deny compassionate release on either basis.  <u>Wright</u>, 46 F.4th at 945.

A District Court need not follow any sort of "sequential step-by-step analysis" in evaluating a motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A).  <u>Keller</u>, 2 F.4th at 1284.

## ANALYSIS

Defendant Naki is 61 years old.  Defendant is currently incarcerated at Federal Prison Camp Yankton in South Dakota.

Defendant seeks a reduction in sentence, alleging he was sentenced to an unusually long sentence pursuant to United States Sentencing Guideline § 1B1.13(b)(6).

### I. Defendant Has Not Established Extraordinary And Compelling Reasons For Compassionate Release

Defendant bears the burden to demonstrate an extraordinary and compelling reason that warrants immediate release from incarceration.  <u>United States v. Crisp</u>, 2021 WL 3663534, *4 (E.D. Cal. Aug. 18, 2021).

<u>First</u>, Defendant is not eligible for a sentence reduction pursuant to U.S.S.G. § 1B1.13(b)(6) for an "unusually long sentence."  Defendant's sentence of 144-months imprisonment is not unusually long.  Defendant was sentenced below the statutory minimum sentence applicable at the time of his sentence based on the Government's Motion.  (ECF No. 50).  Defendant's guidelines-

range sentence is not "unusually long."  United States v. Steidell, Cr. No. 12-01259 DKW-02, 2024 WL 1414195, *5 (D. Haw. Apr. 2, 2024).

In addition, Defendant has not "served at least 10 years of the term of imprisonment" as required to seek a reduction pursuant to U.S.S.G. § 1B1.13(b)(6), (c).  See United States v. Cleveland, 2024 WL 1374067, *3 (D. Mont. Apr. 1, 2024); see Kaneko, 2024 WL 1018362, at *2.

Second, Defendant has not established any other basis to find extraordinary and compelling reasons for a sentence reduction.  Defendant has not presented any medical or personal circumstances of similar gravity to the enumerated provisions in U.S.S.G. § 1B1.13(b) that would demonstrate extraordinary and compelling reasons to justify a reduction in sentence.

There is no legal basis to reduce Defendant's sentence.  As explained at length in the order denying Defendant's Section 2255 habeas petition, Defendant did not receive ineffective assistance of counsel and the Court did not err in considering Defendant's prior serious drug felony conviction at sentencing.  (See Order Denying Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 81).

## II. Section 3553(a) Factors And Defendant's History and Characteristics Do Not Support Compassionate Release

Even if Defendant established an extraordinary and

compelling reason, the Court in this case would exercise its discretion to deny compassionate release based on consideration of the factors set forth in 18 U.S.C. § 3553(a).  Wright, 46 F.4th at 945.

Defendant Naki has a long criminal history that involves violence.  In April 1992, Defendant was convicted of numerous felonies including Kidnaping, Burglary in the First Degree, Robbery in the First and Second Degrees, and Unauthorized Control of a Propelled Vehicle.  (Presentence Report at ¶ 45, ECF No. 49).  On July 4, 1990, Defendant and two co-conspirators entered the victim's home, punched the victim resulting in visible injuries, stole the victim's money, bound and blindfolded the victim, and forced the victim's female friend to leave with them.  (Id.)  Two days later, on July 6, 1990, Defendant and two co-conspirators, one of whom was armed, robbed two other victims of cash, jewelry, and a car, and assaulted one of the victims resulting in injuries to his face, arm, leg, neck, and back.  (Id.)

On April 21, 1992, Defendant was convicted and sentenced to 20 years imprisonment for his crimes.  (Id.)

While Defendant was an inmate in the custody of the State of Hawaii, Defendant committed a federal drug trafficking crime.  (Id. at ¶ 46).  On November 3, 1997, Defendant was sentenced to 122 months imprisonment for Conspiracy to Possess Methamphetamine With Intent To Distribute in United States v. Leslie Naki, Cr.

12

95-001109 ACK-02. (Id.)

In addition to the federal drug trafficking crime, Defendant committed multiple instances of misconduct while incarcerated, including violations of furlough, unauthorized contact with the public, possession of unauthorized items, and assault of another inmate. (Id. at ¶ 45).

Following his release from incarceration on June 15, 2005, Defendant was twice convicted of Operating a Vehicle Under the Influence of an Intoxicant on September 27, 2006 and April 6, 2007. (Id. at ¶¶ 47-48). The Presentence Report reflects that Defendant became aggressive with officers during the arrests. (Id.)

In 2012, Defendant was convicted again of Unauthorized Control of a Propelled Vehicle, and he performed poorly on supervision, had his probation revoked, and absconded from supervision. (Id. at ¶ 49).

In the instant offense in April 2019, Defendant engaged in a second federal drug trafficking crime for which he pled guilty. (Id. at ¶¶ 14-18, ¶ 106). Defendant was subject to a statutory mandatory minimum sentence of 180 months imprisonment. (Id. at ¶ 104). The Government filed a Motion for Downward Departure, which permitted the Court to sentence Defendant below the mandatory minimum, and it sentenced Defendant to 144 months imprisonment. (ECF No. 55).

Defendant's 144-month sentence, which was below the

13

statutory mandatory minimum sentence, remains appropriate considering the Section 3553(a) factors.

Defendant's immediate release would not adequately reflect the seriousness of the second federal drug trafficking offense, would not properly deter similar criminal conduct, and would not protect the public.  Defendant has a long criminal history since 1990 that involves drug trafficking, kidnaping, and robbery. Defendant has engaged in violence in committing numerous crimes and has also engaged in assault and violence while incarcerated. Defendant has been convicted multiple times for Operating a Vehicle Under the Influence of an Intoxicant, and he has been hostile and aggressive towards law enforcement.

Defendant has performed poorly while on supervision, had his probation revoked, and absconded from his probation officer. Defendant has committed crimes while incarcerated and remains a threat to the public.  Defendant has not demonstrated that a reduction in sentence is appropriate.  The factors in Section 3553(a) do not support the immediate release of the Defendant.

//
//
//
//
//
//
//

**CONCLUSION**

Defendant's Second Motion To Reduce Sentence Under The First Step Act (ECF No. 113) is **DENIED**.

IT IS SO ORDERED.

Dated: September 11, 2024, Honolulu, Hawaii.



Helen Gillmor
United States District Judge